IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | Case No. 5:16-cr-6 |
| v. ) | |
| ) | |
| SUSAN MARIE MOORE, ) | By:  Michael F. Urbanski, |
| Defendant. ) | Chief United States District Judge |

MEMORANDUM OPINION

This matter comes before the court on defendant Susan Marie Moore's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 38. The Federal Public Defender supplemented Moore's request. ECF No. 41. The government opposes the motion. ECF No. 45. For the reasons stated herein, the court **DENIES** Moore's motions.

I.

On June 15, 2016, Moore entered into a written plea agreement in which she pleaded guilty to one lesser-included count of knowingly and intentionally distributing a quantity of a mixture or substance containing heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). ECF No. 14. On February 15, 2017, Moore was sentenced to seventy-two (72) months of incarceration. J., ECF No. 33. Moore was released from federal incarceration to a halfway house then to home confinement but was arrested for violating the conditions of home confinement. ECF No. 41 at 3. Moore currently is housed at the Central Regional Jail (CRJ) in Sutton, West Virginia and has a discharge date of August 18, 2021.

Moore seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that the deteriorating health of her extremely premature infant constitutes an "extraordinary and

compelling" reason warranting a sentence reduction. Moore asks the court to reduce her sentence to time served. As this matter is fully briefed, it is ripe for disposition.[1]

## II.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act ("FSA"), authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Moore's requested relief requires the court to consider (1) if she exhausted her administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in her sentence; and (3) if so, what, if any sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors and whether Moore is a danger to the safety of the community.

   i.       <u>The exhaustion requirement has been waived.</u>

---

[1] The court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

The compassionate release statute requires that a petitioner exhaust her administrative remedies prior to bringing a motion before the district court. See 18 U.S.C. § 3582(c)(1)(A). Pursuant to the statute, a petitioner may bring a motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. This exhaustion requirement may be waived under the following circumstances: (1) where it would be futile; (2) where the administrative process would be incapable of granting adequate relief; or (3) where pursuit of agency review would subject the petitioner to undue prejudice. See United States v. Poulios, No. 2:09-cr-109, 2020 WL 1922775, at *1 (E.D. Va. Apr. 21, 2020); see also United States v. Crawford, No. 2:03-cr-10084, 2020 WL 2537507, at *1 (W.D. Va. May 19, 2020) (finding that the exhaustion requirement has been waived where defendant had not fully exhausted his administrative remedies); United States v. Zuckerman, 451 F. Supp. 3d 329, 332 (S.D.N.Y. 2020) (citing Washington v. Barr, 925 F.3d 109, 118 (2d Cir. 2019) ("Even where exhaustion is seemingly mandated by statute . . ., the requirement is not absolute.")).

Moore is housed at the CRJ in Sutton, West Virgnia, which is not a BOP facility. As such, the court finds that all three exceptions justifying waiver of the exhaustion requirement are present. First, it would have been futile to require Moore to seek compassionate release because she was not housed in a BOP facility. Second, even if Moore had sought compassionate release from the CRJ, it did not have the authority to grant her the sought-after relief because it is a state facility. Finally, because it was unclear if or when she would be transferred to a BOP facility, it would have caused her undue prejudice to require her to wait

for such transfer before being able to begin the administrative remedy procedure. The government did not mention the exhaustion issue in its response to Moore's motion. See ECF No. 45. Accordingly, the court finds that the exhaustion requirement has been waived.

ii. <u>Moore does not present extraordinary and compelling reasons to warrant a sentence reduction.</u>

The court must next consider if it should "reduce the term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). The United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 application notes state that "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of her sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) as determined by the Director of the BOP, for "other reasons" than, or in combination with, those described in Application Notes (A)-(C). Id. at cmt. n.1(A)-(D).

The court asked the United States Probation Office (USPO) to inquire about Moore's status and that of her infant daughter. In response, the USPO filed a letter with the court on July 21, 2021. ECF No. 48 (filed under seal). In light of the information in the letter, the court finds that Moore's situation does not present an "extraordinary and compelling" reason to reduce Moore's sentence.

On May 29, 2021, Moore gave birth when she was twenty-five (25) weeks pregnant to her youngest child.² ECF No. 38 at 1. Although the child weighed only one pound and seven ounces at birth and remains hospitalized, she is now described as being in stable condition. At this time, neither Moore nor any member of her family has custody of the child. Rather, the child is in the custody of Child Protective Services and will be placed in foster care when she gains weight and is discharged from the hospital. Thus, at this time, although the court is sympathetic to Moore's desire to see her child, if she were released from custody it is not clear that she would be allowed to see the child given that she does not have custody of her. Accordingly, Moore has not demonstrated that there are "extraordinary and compelling" reasons to warrant a sentence reduction under § 3582(c)(1)(A) and the court must deny her motion.³

### III.

For these reasons, the court **DENIES** Moore's motion for compassionate release, ECF Nos. 38, 41. The clerk is directed to send a copy of this memorandum opinion to the defendant, her counsel of record, and the government.

It is so **ORDERED**.

Entered: August 1, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.08.01 15:26:07 -04'00'

Michael F. Urbanski
Chief United States District Judge

---

² Babies born before twenty-eight (28) weeks of pregnancy are considered extremely premature, and if they survive, face a substantial risk of lifelong disability. See Am. Coll. of Obstetricians & Gynecologists, Extremely Preterm Birth FAQ, https://www.acog.org/womens-health/faqs/extremely-preterm-birth (last visited July 14, 2021).

³ Because the court finds that Moore has not presented extraordinary and compelling reasons to warrant a reduction in his sentence, it need not determine if the § 3553(a) factors weigh in favor of her release.